FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 01, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JODI T.,<br><br>      Plaintiff,<br><br>      v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>      Defendant. | No. 1:22-CV-03144-WFN<br><br>ORDER |

    Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability benefits. ECF No. 11. Attorney D. James Tree represents Jodi T. [Plaintiff]; Special Assistant United States Attorney Erin F. Highland represents the Acting Commissioner of Social Security [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

    Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income in October and November of 2018, Tr. 234–42, 245–50, alleging disability since August 1, 2017, Tr. 236, 245, due to hip issues, Tr. 274. The applications were denied initially, Tr. 85–106, and upon reconsideration, Tr. 107–50. Administrative Law Judge [ALJ] Laura Valente held a hearing on November 4, 2021, Tr. 51–84, and issued an unfavorable decision on November 17, 2021, Tr. 34–44. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request for review on August 18, 2020. Tr. 1–6. The ALJ's November 2021 decision became the final decision of the Commissioner,

ORDER - 1

which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 17, 2022. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 52 years old as of her alleged onset date. Tr. 241, 245. She completed one year of college, Tr. 65, and has past work as an administrative assistant, Tr. 74, 287, 302, telemarketer, Tr. 74, 289, 301, food tester, Tr. 74, 286, 303, and kennel attendant, Tr. 60, 74.

Plaintiff has alleged limitations stemming from congenital hip problems. Tr. 55. Her hip was replaced in 2014, and she was doing well until a fall in August 2017. Tr. 383. Plaintiff alleges significant pain since her fall. Tr. 55, 383. She also claims "that her mental health is . . . beginning to deteriorate because of that pain and her fear that she might possibly fall again," Tr. 56.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th

Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, she will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On November 17, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 34–44.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 37.

At step two, the ALJ determined Plaintiff had the following severe impairment: reconstructive surgery of the left hip. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 38–39.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found she could perform light work, except

ORDER - 3

she can stand and walk for [two] hours in an [eight-]hour workday. She can sit for [one] hour at a time after which she needs to change positions for a few minutes but can continue working while in the change[d] position. In this manner, she can sit for [six] hours in an [eight-]hour workday. With her left, lower extremity, she can push and pull occasionally. She can frequently climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She has an unlimited ability to stoop. She can do all other postural activities occasionally. She must avoid concentrated exposure to vibrations and even moderate exposure to hazards.

Tr. 39.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as an administrative assistant and a telemarketer. Tr. 43.

At step five, the ALJ made no findings. Tr. 25–26.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 44.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff's depression and anxiety to be nonsevere; (2) improperly rejecting Plaintiff's subjective complaints; and (3) improperly evaluating the medical opinion evidence.

## DISCUSSION

**(1) Step Two**

Plaintiff argues the ALJ erred at step two by failing to find depression and anxiety to be severe impairments. ECF No. 11 at 4–6.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. §

ORDER - 4

404.1520(a)(4)(ii). The impairment "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1521. An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

To determine whether the claimant has a severe mental impairment, the ALJ must consider the claimant's level of limitation in four areas of functioning: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself. 20 C.F.R. §§ 404.1520a(b), 404.1520a(c), 416.920a(b), 416.920a(c); 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's limitations are rated as "none" or "mild" then the ALJ will conclude the limitations are nonsevere unless the evidence otherwise indicates a more than minimal limitation. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1).

Here, the ALJ reasonably found Plaintiff did not suffer from any severe mental health impairments. Tr. 37–38. Plaintiff had no limitations in adapting and managing herself, and only mild limitations in the other three broad areas of functioning. Tr. 38. As the ALJ correctly observed, the record reveals only vague complaints of anxiety and depression. Tr. 37. A mental status evaluation in late 2020 was nearly unremarkable. Tr. 38, 565–69. During that evaluation, Plaintiff reported that she was not engaged in counseling or taking psychiatric medication. Tr. 38, 566. The ALJ also noted Plaintiff was able to tend to her own personal care and grooming and that she alleged no mental limitations in those areas. Tr. 38, 536. Plaintiff can shop for groceries, drive a car, care for her father and rescue dogs, Tr. 536,

ORDER - 5

go out unaccompanied, pay bills, count change, handle a savings account, and use a checkbook, Tr. 294. Tr. 38. She reported that she does not have any problems getting along with family, friends, neighbors, or others. Tr. 38, 296. Overall, the record shows no significant mental health treatment, few complaints of mental health symptoms, and observations of normal mental status. Tr. 38.

Plaintiff argues the ALJ erred because Plaintiff "began mental health treatment in October 2021." ECF No. 11 at 4. The record shows Plaintiff was referred to a mental health professional, on October 1, 2021, and saw someone the same day. Tr. 626. The therapist observed that Plaintiff was experiencing situational symptoms. *Id.* She predicted that no more than three visits would be necessary and that no treatment plan was needed. *Id.* And there is no evidence of any follow up visits or other treatment in the record. These observations are entirely consistent with the ALJ's finding that Plaintiff has not engaged in any significant mental health treatment. *See* Tr. 38.

Plaintiff argues that the failure to engage in mental health treatment may have been caused by the pandemic and therefore should not be considered as evidence that Plaintiff's mental health limitations are nonsevere. ECF No. 11 at 4. But the record supports the inference that Plaintiff did not fail to seek treatment because of the pandemic, but because her symptoms are nonsevere. *See* Tr. 38, 294, 296, 536, 565–69. Plaintiff argues for a different interpretation of the record, ECF No. 11 at 11–102, but the Court will not substitute its judgment for the ALJ's. *See Tackett*, 180 F.3d at 1097.[1]

**(2) Plaintiff's Subjective Statements**

Plaintiff alleges the ALJ improperly disregarded her subjective symptom reports. ECF No. 11 at 6–20.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's

---

[1] Plaintiff also argues Dr. Rita Flanagan's evaluation supports a finding that Plaintiff has severe mental impairments. ECF No. 11 at 5. Dr. Flanagan's evaluation is discussed below.

ORDER - 6

findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

      Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr.39–40. The ALJ found Plaintiff's allegations to be undermined by her relatively normal examination findings, conservative course of treatment, and improvement with that conservative course of treatment. Tr. 38–42. Notably, Plaintiff has only treated her pain with physical therapy, Epsom salt baths, heat, ice, and over-the-counter medicines like ibuprofen. Tr. 40–42, 408, 452, 457, 506, 571–78. Plaintiff improved with that treatment. In April 2019, Plaintiff decided to decrease the frequency of her physical therapy because she was feeling better. Tr. 40, 408. In June 2019, Plaintiff told her doctor that she was active and had never felt healthier. Tr. 40, 452. In August of that year, Plaintiff danced at her son's wedding. Tr. 40, 501. The ALJ also noted Plaintiff was able to care for rescue dogs and her father, and act as a home assistant for several families. Tr. 40, 42, 452. Therefore, the ALJ found that the evidence in the case did not support Plaintiff's claimed limitations beyond those included in the RFC. *Id.*

      As an initial matter, Plaintiff contends that the ALJ recited the medical record in support of her decision and followed that recitation with a single paragraph of reasons for

ORDER - 7

discounting Plaintiff's subjective statements. ECF No. 11 at 7. Plaintiff asks the Court to limit its review to that single paragraph, *id.,* but the Court disagrees with Plaintiff's characterization. The ALJ discussed the evidence in support of, and contrary to, her decision over the course of several pages and concluded that discussion with a summary paragraph. Tr. 38–42. The case Plaintiff cites, *Brown-Hunter v. Colvin*, is distinct. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 490–91 (9th Cir. 2015). There, the ALJ apparently did not state her reasons for discounting the claimant's subjective statements. *Id.*

  Plaintiff contends the ALJ made at least five separate errors in assessing Plaintiff's subjective statements. ECF No. 11 at 6–14. The Court rejects Plaintiff's arguments for the reasons explained below.

  First, Plaintiff argues the ALJ erred by considering whether Plaintiff was "completely disabled" instead of whether Plaintiff was able to sustain work on a fulltime basis. ECF No. 11 at 7–8. The ALJ did write that "the longitudinal history of the treatment records fails to support a finding of complete disability," but Plaintiff takes that quote out of context. The ALJ did not require complete disability. Tr. 44. Instead, the ALJ considered whether Plaintiff was capable of completing past relevant work, and, based on the vocational expert's testimony, found that she was. Tr. 44.

  Second, Plaintiff argues the ALJ erred by failing to discuss Plaintiff's long work history. ECF No. 11 at 8. But Plaintiff does not point to any rule that required the ALJ to do so. *See id.* A strong work history is just one factor, and it does not require the ALJ to credit all of Plaintiff's subjective statements. The ALJ was not required to address Plaintiff's work history in her assessment of Plaintiff's subjective statements. *See Kekaula v. Berryhill*, No. CV 17-00551 ACK-KJM, 2018 WL 3146590, at *12 (D. Haw. June 27, 2018).

  Third, Plaintiff argues the ALJ erred by finding Plaintiff improved with treatment. ECF No. 11 at 8–10. According to Plaintiff, the record does not show that her symptoms improved with conservative treatment. *Id.* at 9–10. Plaintiff also argues the ALJ misinterpreted Plaintiff's statements about feeling better. *Id.* at 9. She claims that she made those statements about her spine and hysterectomy, not about her hip. *Id.* But the ALJ's

ORDER - 8

contrary inferences are also reasonable, and the Court will not reject the ALJ's reasonable inferences. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Even if "evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision." *Id.* And "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Fourth, Plaintiff argues the ALJ erred by discounting Plaintiff's testimony based on her daily activities. ECF No. 11 at 10–12. The ALJ noted that Plaintiff's activities indicated her limitations did not exceed those included in the RFC. Tr. 40, 42. Plaintiff danced at her son's wedding, cared for her father and rescue dogs, reported that she was active, helped several families with household tasks, and cared for herself. Tr. 40–42, 294, 452, 501, 506, 536. Plaintiff contends it was error to consider her care for her rescue dogs, herself, and her father because those activities are not inconsistent with her statements or transferrable to a work setting. ECF No. 11 at 10–12. However, Plaintiff's activities taken together, and in the context of other evidence of Plaintiff's improvement, indicate that Plaintiff does not need to lie down for one hour in an eight-hour workday. *Cf.* Tr. 80; *Contra.* ECF No. 11 at 11. They are also inconsistent with Plaintiff's argument now that her mental impairments prevent her from returning to past work. *Contra* ECF No. 11 at 6.

Plaintiff also argues under this heading that the ALJ erred by finding that Plaintiff worked as an assistant to several families. *See id.* at 12. Although a record dated June 28, 2019, shows Plaintiff reported working as an assistant to several families, Tr. 452, Plaintiff argues her statement was actually made several years before, ECF No. 11 at 12. However, the date June 28, 2019, appears on the very paragraph that contains the information at issue, and the paragraph reads as a contemporaneous record. *See* Tr. 452. It was reasonable for the ALJ to conclude from the evidence that Plaintiff worked as a home helper in 2019. The Court will not disturb that conclusion. *See Batson*, 359 F.3d at 1193.

Fifth, Plaintiff argues the ALJ erred by finding that the objective medical evidence undermined Plaintiff's subjective statements. ECF No. 11 at 12–15. Plaintiff contends that

ORDER - 9

it is inappropriate for the ALJ to draw a negative inference from a notation that the claimant is in "no acute distress," citing *Nowak v. Saul*, No. 20-CV-1088-SCD, 2021 WL 1263753, at *10 (E.D. Wis. Apr. 6, 2021). *See* ECF No. 11 at 12–13. But here the ALJ did not rely on a notation that Plaintiff was in "no acute distress." *See* Tr. 42. Instead, she described the record as "generally show[ing] her to be in no distress with an ability to ambulate unassisted[ and] move around easily." *Id.* Similarly, Plaintiff says the ALJ "cannot reject subjective testimony solely because it cannot be fully supported by the objective evidence," ECF No. 11 at 14, but that was not the sole reason the ALJ provided, *See* Tr. 39–42. While it cannot serve as the sole basis for disregarding a claimant's reports, support from objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Finally, Plaintiff argues there is objective evidence of abnormality and points to evidence of weakness, limited flexibility, and pain in her hip. ECF No. 11 at 13–14. But that evidence appears more consistent with the ALJ's RFC than with Plaintiff's claim. Therefore, the Court will not disturb the ALJ's conclusion. *See Batson*, 359 F.3d at 1193.

        **(3) Opinion Evidence**

        Plaintiff alleges the ALJ erred by failing to properly consider and weigh the opinion evidence. ECF No. 11 at 15–21.

        The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors [such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program]. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other

ORDER - 10

factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
>
> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.
>
> (2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

**(a) David Davis-Boozer, M.D.**

Dr. David Davis-Boozer examined Plaintiff in early 2021. Tr. 570–75. From that consultative physical examination, Dr. Davis-Boozer opined that Plaintiff could stand and walk for less than two hours, sit for at least two hours, lift and carry less than ten pounds occasionally and frequently, and had postural limitations. Tr. 574.

The ALJ found Dr. Davis-Boozer's opinion unpersuasive. Tr. 43. First, she noted the records showed that Plaintiff came to the appointment without a walker and told Dr. Davis-Boozer herself that she uses one only occasionally. *Id.* Second, she found Dr. Davis-Boozer's standing and walking limitation was not supported by his own exam findings showing some limited range of motion and strength but also the ability to move unassisted, negative straight leg raise testing, and a full range of motion in all other areas. *Id.* Third, the ALJ noted Dr.

ORDER - 11

Davis-Boozer's opinion restricting Plaintiff to a limited range of sedentary work was inconsistent with his own exam findings and the record overall showing improvement from limited treatment. *Id.*

Plaintiff claims the ALJ committed at least four errors in evaluating Dr. Davis-Boozer's opinion. *See* ECF N0. 11 at 16–19. The Court rejects Plaintiff's arguments for the reasons explained below.

First, Plaintiff argues the ALJ erred by finding Dr. Davis-Boozer's standing and walking limitation was not supported by his own exam findings. *Id.* at 16–17. Plaintiff contends this was error because Dr. Davis-Boozer's exam showed limited strength and range of motion in her left extremity and an abnormal gait, and because the normal findings noted by the ALJ were unrelated to Plaintiff's ailment. *Id.* The Court finds the ALJ did not err. She discussed the most important factors of consistency and supportability, noting the lack of evidence in the file to confirm Dr. Davis-Boozer's significant standing and walking limitation. *See* 20 C.F.R. § 404.1520c(b). The ALJ's interpretation is reasonable and supported by substantial evidence. And the relatively normal exam findings were a specific and legitimate reason for the ALJ to discount Dr. Davis-Boozer's opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002).

Second, Plaintiff argues the ALJ erred by considering Plaintiff's conservative course of treatment because there were other explanations for Plaintiff's failure to seek more aggressive treatments. ECF N0. 11 at 17–19. But, as discussed above, it was reasonable for the ALJ to decide that Plaintiff sought no more than mild treatment because her limitations were not as severe as she claims.

Third, Plaintiff similarly argues the ALJ erred by finding that Plaintiff responded well to treatment and could care for herself and others. *Id.* at 19. As explained above, the ALJ did not err by so finding.

Fourth, Plaintiff argues it was error to reject Dr. Davis-Boozer's opinion that Plaintiff needs a walker for long distances and uneven terrain. *Id.* at 19. The ALJ rejected this opinion because Plaintiff took herself to the appointment without a walker and told Dr. Davis-Boozer

ORDER - 12

herself that she has a walker at home that she uses only occasionally when very tired. Tr. 43, 571. Because the ALJ's interpretation of the evidence is reasonable, this Court will not disturb it. *See Batson*, 359 F.3d at 1193.

### *(b) Rita Flanagan, Ph.D.*

Dr. Rita Flanagan opined that Plaintiff's anxiety was severe. Tr. 118, 139. The ALJ found Dr. Flanagan's opinion unpersuasive. Tr. 43. Although Dr. Flanagan rated Plaintiff's impairment in concentration, persistence, and pace as moderate, she did not assess any actual limitations in the narrative section of her report. Tr. 126, 147. Instead, she concluded Plaintiff was able to complete simple, routine, and complex tasks. *Id.* Therefore, the ALJ found Dr. Flanagan's opinion was internally inconsistent. Tr. 43. The ALJ also found Dr. Flanagan's conclusion was unsupported by the record, which contains no evidence of any significant mental health treatment and mental status examinations that were unremarkable. *Id.* In addition to finding Flanagan's conclusion unpersuasive, the ALJ also decided there was no real opinion to assess because Dr. Flanagan did not opine any actual limitations. *Id.*

Plaintiff argues the ALJ's evaluation was in error because Dr. Flanagan actually did assess limitations, pointing to a section where Dr. Flanagan marked three categories of functioning as "moderately limited." ECF No. 11 at 20. However, because the actual narrative discussion contained no description of any actual limitations, Tr. 126, 147, the ALJ's interpretation of the evidence is reasonable and will not be disturbed.

Finally, Plaintiff also argues the ALJ erred by finding no evidence of significant mental health treatment, finding Plaintiff's mental status evaluations were unremarkable, and finding that Plaintiff did not have a severe mental health disorder, for the same reasons discussed above regarding step two. *Id.* The Court rejects the arguments for the same reasons as well.

### CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error and is affirmed. Accordingly,

ORDER - 13

**IT IS ORDERED** that:

1. Defendant's Brief, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's Brief, **ECF No. 11**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 1st day of June, 2023.

06-01-23

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 14